**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

STENNETTE SIMPSON,

Plaintiff, CASE NO.

vs.

LEE COEL,

Defendant.
_________________________________/

## COMPLAINT

This is a civil action seeking money damages in excess of $15,000, exclusive of costs, interest, and attorney's fees, against LEE COEL, individually.

## BRIEF SUMMARY OF THE CASE

1. Defendant LEE COEL (hereinafter, "DEFENDANT"), acting under color of state law in his capacity as an officer for the Miramar Police Department, detained and arrested Plaintiff STENNETTE SIMPSON (hereinafter, "PLAINTIFF") without reasonable suspicion, arguable probable cause, or actual probable cause that Plaintiff had committed any crime, and with no other basis in law to justify the arrest. Plaintiff was thereby subjected to unlawful and false arrest, and false imprisonment.

2. DEFENDANT later removed PLAINTIFF from the back seat of a police car by pulling PLAINTIFF's ankles, while PLAINTIFF was handcuffed, causing PLAINTIFF to forcefully land on the ground, injuring his head, neck, arms, elbows, collarbone, hip, ribs, knees, legs, and/or causing soft tissue or vertebral damage. PLAINTIFF was thereby subjected to excessive force, malicious prosecution, and battery.

3. The aforementioned removal of PLAINTIFF from DEFENDANT's police vehicle was captured on video.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the

Fourth Amendment and Fourteenth Amendment of the United States Constitution, and the laws of the State of Florida. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

**PARTIES**

5. PLAINTIFF STENNETTE SIMPSON (hereinafter, "PLAINTIFF") is presently a resident of Broward County, Florida and is subject to the jurisdiction of this Court.

6. At all times material, DEFENDANT was acting under color of law as an officer for the Miramar Police Department.

7. The Miramar Police Department is organized and existing under the Constitution and laws of the State of Florida.

**FACTS**

8. On April 3, 2013, at or about 1:47 am, PLAINTIFF was arrested for obstructing or resisting without violence by DEFENDANT.

9. The incident that prompted PLAINTIFF's arrest was his involvement in an investigation of PLAINTIFF's aunt's vehicle theft.

10. There was no probable cause or arguable probable cause to arrest PLAINTIFF, as his only involvement in the investigation of PLAINTIFF's aunt's vehicle theft consisted of talking to police officers and to PLAINTIFF's aunt.

11. Upon a search of PLAINTIFF's person pursuant to his arrest, DEFENDANT alleges that a small quantity of cannabis was discovered in PLAINTIFF's pocket.

12. DEFENDANT handcuffed PLAINTIFF and placed PLAINTIFF in the back of DEFENDANT's police vehicle, and drove PLAINTIFF to the police station for booking.

13. Due to DEFENDANT driving PLAINTIFF around for an unreasonably lengthy period of time before arriving at the police station, PLAINTIFF had fallen asleep in the backseat of DEFENDANT's police vehicle.

14. While PLAINTIFF was still handcuffed, DEFENANT grabbed ahold of PLAINTIFF's feet, legs, or ankles and violently pulled PLAINTIFF out of the backseat of the police vehicle and onto the ground, thereby injuring him.

15. The two charges for which PLAINTIFF was arrested, brought under Broward County case number 13006436MM10A, to wit: resisting without violence and possession of cannabis, were subsequently dismissed on or about June 26, 2014.

## CAUSES OF ACTION

## COUNT I

## FALSE ARREST/FALSE IMPRISONMENT CLAIM BY PLAINTIFF AGAINST DEFENDANT, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against DEFENDANT, individually, in Count I, PLAINTIFF states:

16. PLAINTIFF realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 15.

17. DEFENDANT directly or proximately caused PLAINTIFF's arrest in the absence of probable cause that the PLAINTIFF committed any criminal offense.

18. The conduct of DEFENDANT toward PLAINTIFF, as set forth herein, was objectively unreasonable, and in violation of PLAINTIFF's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from unreasonable search and seizure, and to be free from arrest and imprisonment in the absence of probable cause.

19. As a direct and proximate cause of the acts described above, PLAINTIFF suffered great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

20. As a further direct and proximate result of DEFENDANT actions as set forth herein, PLAINTIFF suffered loss of his liberty and freedom, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life. PLAINTIFF's losses

are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights. PLAINTIFF has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, PLAINITFF prays:

a) Judgment for compensatory damages in excess of $15,000;

b) Judgment for exemplary damages;

c) Cost of suit;

d) Reasonable attorney's fees, pursuant to 42 U.S.C § 1988;

e) Trial by jury as to all issues so triable; and

f) Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II

## VIOLATION OF FOURTH AMENDMENT EXCESSIVE FORCE CLAIM BY PLAINTIFF AGAINST DEFENDANT, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against DEFENDANT, individually, in Count II, PLAINTIFF states:

21. PLAINTIFF realleges and adopts, as if fully set forth in Count III, the allegations of paragraphs 1 through 15.

22. This cause of action is brought by PLAINTIFF against DEFENDANT for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

23. While DEFENDANT was acting under the authority of the State of Florida and under color of law as a police officer in the employ of the City of Miramar Police Department, he subjected PLAINTIFF to the deprivation of rights and privileges afforded to him by the Constitution of the United States to be secure in his person against the excessive use of force under the Fourth Amendment within the meaning of 42 U.S.C. § 1983.

24. With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of DEFENDANT were done with malicious intent, ill will,

spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights entitling PLAINTIFF to an award of exemplary damages against DEFENDANT in his individual capacity.

25. As a direct and proximate result of the above-mentioned unconstitutional acts of DEFENDANT, PLAINTIFF suffered mental anguish, loss of capacity for the enjoyment of life, physical injury, expenses of traveling to court, humiliation personally, and loss of his freedom and civil rights. He suffered grievously, was brought into public scandal with great humiliation, suffered loss of income, attorney's fees, and costs of bond and defense, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

WHEREFORE, PLAINITFF prays:

a) Judgment for compensatory damages in excess of $15,000;

b) Judgment for exemplary damages;

c) Cost of suit;

d) Reasonable attorney's fees, pursuant to 42 U.S.C § 1988;

e) Trial by jury as to all issues so triable; and

f) Such other relief as this Honorable Court may deem just and appropriate.

Respectfully submitted, this 27th day of March, 2017

RUDENBERG & GLASSER, P.A.
Counsel for PLAINTIFF
633 SE 3rd Avenue, Suite 4F
Ft. Lauderdale, FL 33301
t.(954) 463-9518
f.(954) 463-1245
erudenberg@gmail.com

By: /s/ Eric Rudenberg

ERIC RUDENBERG, ESQ.
Fla. Bar No. 0081992

**SERVICE LIST**

Lee Coel
Punta Gorda Police Department
1410 Tamiami Trail
Punta Gorda, FL 33950